**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Sally Nyrop,

            Plaintiff,

vs.

Independent School District 11,

            Defendant.

_____

Case No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff complains of Defendant as follows:

**Jurisdiction**

        1.      This is an action brought to vindicate Plaintiff's rights under the Rehabilitation Act, 29 U.S.C. §§ 794, et seq., over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This action is also brought to vindicate Plaintiff's rights under the Minnesota Human Rights Act, Minn. Stat. Chap. 363A, and this court has supplementary jurisdiction over this claim.

**Venue**

        2.      Plaintiff and Defendant reside in the State of Minnesota and Plaintiff's cause of action arose in the State of Minnesota.  Thus, venue is proper in this Court.

**Parties and Capacities**

        3.      At all times material:

        a.      Plaintiff was employed Independent School District 11.

        b.      Defendant is a government instrumentality operating the Anoka-Hennepin School District in Anoka and Hennepin Counties in Minnesota.

**Factual Background**

4.       Plaintiff is a person with a medical condition which causes disabilities, namely multiple sclerosis.

5.       At all times material, Plaintiff was a disabled person within the meaning of the Rehabilitation Act of 1973, Section 504, 29 U.S.C. §794 *et seq.,* as amended, and the Minnesota Human Rights Act, and is protected against the denial of timely and reasonable accommodations for her disability and discrimination on the basis of her disability.

6.       Plaintiff required the reasonable accommodations for her disability in the form of air conditioning, a microphone when speaking to groups and a job that does not require projecting her voice or holding a sound.

7.       At all times material, Defendant was a program or activity receiving Federal financial assistance, Defendant was an instrumentality of State or local government, and Defendant was a local educational agency, within the meaning of the Rehabilitation Act.

8.       At all times material, Plaintiff was a qualified person because she meets the necessary prerequisites for her actual positions, for positions for which she applied and for positions that Defendant filled with persons within Plaintiff's cohort, due to her education, experience and training; and Plaintiff was able to perform the essential functions of her actual positions, the positions for which she applied and positions that Defendant filled with persons within Plaintiff's cohort with or without accommodations.

9.       Plaintiff engaged in the following protected activities:

a.       On June 29, 2007, Plaintiff filed a complaint with the Minnesota Department of Human Rights alleging discrimination by Defendant on the basis of disability.

    b.       On November 20, 2007, Plaintiff filed a lawsuit alleging, inter alia, discrimination by Defendant on the basis of disability in violation of, inter alia, the Rehabilitation Act, 29 U.S.C. §791 et seq, and the Minnesota Human Rights Act.  This litigation was pending until 2010, when it ended.

    10.     From January 1, 2009, through the date hereof, Plaintiff has been assigned to untitled positions because of her disability and because of her claims of discrimination hereinabove described, and because she requested accommodations.

    11.     In 2009, Plaintiff applied for the following positions:

|    | Positions | Posting Number |
|----|-----------|----------------|
| A. | Elementary principals – 2 positions University Avenue Elementary Eisenhower Elementary | A09-157 |
| B. | Middle School Assistant Principals - 2 positions Coon Rapids Roosevelt | A09-556 |
| C. | Teachers on Special Assignment – 14 positions | T09-354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367 |
| D. | Teacher on Special Assignment Student Support | T09-426 |
| E. | Teacher on Special Assignment Academic Support | T09-428 |
| F. | Teachers on Special Assignment – 5 SPED Intervention Specialists | T09-692 |
| G. | Teacher on Special Assignment SPED Intervention Specialist | T09-693 |
| H. | Teacher on Special Assignment SPED Technology Coordinator | T09-694 |
| I. | Teacher on Special Assignment Behavior Analyst | T09-696 |
| J. | Teacher on Special Assignment – 3 positions | T09-697 |
| K. | Teacher on Special Assignment Technology Coordinator | T09-698 |
| L. | Teacher on Special Assignment Talent Development | T09-716 |
| M. | Teacher on Special Assignment – 3 Academic Support Intervention Specialists | T09-727 |
| N. | Teacher on Special Assignment Professional Learning Community | T09-746 |

| O. | Teacher on Special Assignment Academic & Behavior Support | T09-812 |
|---|---|---|
| P. | Teacher on Special Assignment Talent Development | T09-866 |

12.     In 2009, Defendant refused to select Plaintiff for, and denied Plaintiff, the foregoing positions for which she applied because of her disability, because of her claims of discrimination hereinabove described, and because she requested accommodations, and instead selected persons with, upon information and belief, the same or lesser qualifications than Plaintiff's, in violation of the Rehabilitation Act.

13.     In 2010, Plaintiff applied for the following position:

| | Positions | Posting Number |
|---|---|---|
| A. | High School principal Champlin Park | A10-169 |

14.     In 2010, Defendant refused to select Plaintiff for, and denied Plaintiff, the foregoing position for which she applied because of her disability, because of her claims of discrimination hereinabove described, and because she requested accommodations, and instead selected a person with, upon information and belief, the same or lesser qualifications than Plaintiff's, in violation of the Rehabilitation Act.

15.   In 2011, Defendant filled the following administrative positions by appointing existing staff, like Plaintiff, to the positions rather than posting the positions and following a competitive selection process:.

| | Positions |
|---|---|
| A. | High School Principal Blaine |
| B. | High School Assistant Principal Crossroads |
| C. | Middle School Assistant Principals – 2 Oak View |

4

| | |
|---|---|
| | Roosevelt |
| D. | Interim High School Associate Superintendent |
| E. | Interim Middle School Associate Superintendent |
| F. | Interim High School Principal<br>Coon Rapids |
| G. | Interim High School Assistant Principal<br>Blaine High School |
| H. | Interim Middle School Principals - 3<br>Coon Rapids<br>Anoka<br>Oak View |
| I. | Interim Middle School Assistant Principals - 5<br>Coon Rapids<br>Jackson<br>Northdale<br>Oak View<br>Anoka Middle School for the Arts |

16.     In 2011, Defendant refused to appoint Plaintiff to, and denied Plaintiff, the foregoing positions because of her disability, because of her claims of discrimination hereinabove described, and because she requested accommodations, and instead appointed persons with, upon information and belief, the same or lesser qualifications than Plaintiff's, in violation of the Rehabilitation Act and the Minnesota Human Rights Act.

17.     Since January 1, 2009, Defendant has refused to accommodate Plaintiff's disability by assigning her to one of dozens of vacant positions filled with Teachers on Special Assignment with no tenure or with qualifications no greater or less than Plaintiff.

18.     During school years 2009-2010 and 2010-2011, Defendant assigned Plaintiff to untitled jobs for which she had no specific experience, to wit: coordinating the relocation of equipment for art, music and physical education classes from schools to be closed to other schools, and creating instructional videos for teachers.

19.     Plaintiff's lack of job titles and status was demeaning to Plaintiff, and was therefore a demotion of Plaintiff.

20.     During school years 2009-2010 and 2010-2011, Plaintiff was assigned to work in offices and under circumstances in which she was isolated from her peers, which was demeaning to Plaintiff and appeared to be a punishment for Plaintiff, and was therefore a demotion of Plaintiff.

21.     Since January 1, 2009, Defendant has failed and refused to review and renew with Plaintiff her Rehabilitation Act §504 accommodations plan.

22.     In the 2009-2010 school year, Plaintiff was placed in an office in which the air conditioning was very poor, causing Plaintiff sickness and discomfort.

23.     Plaintiff at all times material held a principals' license and was entitled to participate in administrators' workshops to receive continuing education to meet the State of Minnesota requirements for such licensure.

24.     Since January 1, 2009, Plaintiff has not been permitted or invited to District Leadership meetings and Principal meetings, which she had attended in the past.

25.     Since January 1, 2009, Plaintiff has not been invited and permitted to take advantage of continuing education provided by Defendant for other employees with Plaintiff's license, which she had been invited and permitted to attend in the past.  This required Plaintiff to obtain such continuing education on her own and at her own expense.

26.     As a result of Defendant's violations of the Rehabilitation Act and the Minnesota Human Rights Act alleged herein, Plaintiff has lost income and benefits, including retirement benefits, has lost future earning capacity and benefits and incurred expenses for continuing education.

27.     As a further result of Defendant's violations of the Rehabilitation Act alleged herein, Plaintiff has suffered embarrassment, humiliation and emotional distress.

28.     Plaintiff has retained the undersigned attorney to prosecute this action and will incur attorney fees herein.

WHEREFORE, Plaintiff demands judgment against Defendant awarding her damages in an amount to fully and fairly compensate her for her losses and injuries alleged herein, triple damages for violations of the Minnesota Human Rights Act, interest, Plaintiff's attorney fees and costs, and such other and further monetary and mandatory relief as the court deems just.

PLAINTIFF DEMANDS A JURY TRIAL.

Dated: August 31, 2011

/s Richard T. Wylie
Richard T. Wylie - ID #11912X
701 Fourth Avenue South, Suite 500
Minneapolis, MN  55415
612-337-9581
**ATTORNEY FOR PLAINTIFF**